STATE for use of M. J. Rice *v.* JAMES ELROD.

BASTARDY. The fact that the reputed father of a bastard has failed to pay a judgment rendered against him for the support and maintenance of the child, within three years after its rendition, will not operate as a satisfaction thereof. The money should be collected and paid to the commissioners of the poor, and if the mother has supported the child it should be paid to her for reimbursement.

FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam county. N. W. McCONNELL, J.

H. S. BOYD for the State.

H. DENTON for Elrod.

FREEMAN, J., delivered the opinion of the court.

At the March term, 1875, of the county court of Putnam county, the defendant was adjudged to be the father of a bastard child begotten of M. J. Rice.

The court thereupon adjudged the defendant to pay the $90 for support and maintenance of the child as provided by section 5368 of the Code, to be used as provided by section 5370 of the Code, which is as follows: "The provision made for the child shall not be the property of the mother, but shall go into the hands of the commissioners of the poor, to be expended for the use of the child, it being the object of the provision for a bastard's support, to indemnify the county against the same."

By next section the court has "power to enforce its judgment by the collection of money forthwith by execution or by the collection of instalments as they respectively fall due, or otherwise, according to the exigencies of the particular case."

The judgment rendered was unappealed from.

In 1879, the county court ordered that the clerk issue execution for the remainder of the judgment and the several instalments be collected and applied to the maintenance and support of the child.

An execution was accordingly issued, and defendant thereupon filed a petition asking it be superseded and quashed, because more than three years had elapsed

since the birth of the child, the judgment not having been collected in that period, he insists cannot be collected at all.

Secondly, because he says it is the duty of the county court after the expiration of the three years to bind the child out, if the mother is unable to support it.

Third, because a *fi. fa.* had been issued on the original judgment and not returned. Motion to dismiss the petition was overruled in the county court, and on hearing, the execution was quashed. On appeal to the circuit court a like motion was made and overruled, and the judgment of county court quashing the execution affirmed, and an appeal in error prosecuted to this court.

The Referees report that the judgment of the circuit court should be reversed, and the petition dismissed. There can be no question of the correctness of this report. The fact that the party failed to pay it within the three years could never operate as a satisfaction of the judgment, as properly stated by the Referees. The money should be collected, paid over to the commissioners of the poor, and if the mother has in the meantime supported the child it should be paid to her for reimbursement, she having supplied the means that ought to have been collected from the father, and applied to the use of the child.

Defendant pay costs of this case in this and courts below.